*d 6-189* [208]   *JAMES H. RAY, RESPONDENT, *v.* EDWARD J. ARMSTRONG, APPELLANT.

[1] LANDLORD AND TENANT—NOTICE TO QUIT. — By the terms of an award, which was decisive, between a landlord and his tenant, the latter was to leave the premises on the 9th; *Held,* that the plaintiff had no right to give notice to quit until the 10th; after which, by the Act of Forcible Entry and Detainer, the plaintiff had six days to remove, wherefore the action commenced on the 10th was premature.

WRIT OF ERROR to the County Court of San Francisco.

On the 3d of January, 1854, Ray, the owner of the Niantic Hotel, served a notice on Armstrong, his tenant, to quit the premises. On the 4th, they agreed to submit the whole subject matter of "how Armstrong went in and how he was to go out," to George Simpton, as arbitrator. On the 5th, Simpton rendered his award in the case, deciding that Armstrong was to abandon the premises on the 9th of January. On the 10th of the same month, Ray commenced a suit against Armstrong, under the 13th section of the Act con-

[1] Distinguished in *Garbrell* v. *Fitch,* 6 Cal. 189.

cerning " Forcible Entries and Unlawful Detainers," before a Justice of the Peace and six jurors. The jury rendered a verdict in favor of defendant. The plaintiff appealed to the County Court, where a judgment was rendered in his favor. The defendant brought the cause into this Court, by a writ of error, and assigned various errors. The only one considered by the Court is stated in the opinion.

*William H Martin,* for Appellant.

*Sidney V. Smith,* for Respondent.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

The arbitration between the parties, as disclosed by the record, is conclusive, unless affected by fraud or error, and as nothing of the kind appears to have been set up, the award is *decisive of the cause. By its terms, [209] the defendant was to leave the premises on the 9th, while the notice to quit, which precedes the plaintiff's action, and is necessary to sustain it, was given on the 3d, and the action is commenced on the 10th.

Under the award, the plaintiff had no right to give notice to quit until the 10th, and then, by the Act of Forcible Entry and Detainer, the defendant had six days in which to remove, before the plaintiff's right of action accrued.

It follows that the suit was prematurely begun, and should have been dismissed.

The judgment is reversed, and the cause dismissed at the costs of the respondent.